1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH AVILES, | Case:  CV 14-01583-RAO |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.    PROCEEDINGS

On March 17, 2011, Elizabeth Aviles ("Plaintiff") applied for Supplemental Security Income alleging physical and mental ailments and a disability onset date of March 1, 2009.  (*See* AR 132-40, 147, 150-56.)  Plaintiff's application was denied initially on August 29, 2011, and upon reconsideration on February 10, 2012.  (AR 81-85, 88-93.)  A hearing was held on December 5, 2012, but was adjourned after only eight minutes to allow for further development of the record.  (AR 47-53.)

After an additional psychological evaluation of Plaintiff was conducted, the ALJ issued a decision on March 8, 2013, finding that while Plaintiff had medically determinable impairments, neither those impairments nor any combination of them

significantly limited her ability to perform basic work-related activities for twelve consecutive months. (AR 15-22.) As a result, Plaintiff's impairments were deemed not severe and Plaintiff was found not disabled. (Id.) The Appeals Council denied Plaintiff's request for review on August 7, 2014. (AR 1-7.)

On September 30, 2014, Plaintiff filed a complaint in this Court challenging the Commissioner's determination. (Dkt. No. 1.) The Court issued a Report and Recommendation on October 21, 2015, recommending that the Commissioner's decision be affirmed. (Dkt No. 25.) On November 3, 2015, Plaintiff filed timely objections to the Report and Recommendation. (Dkt. No. 26.) In light of those objections, the Court issued an Amended Report and Recommendation on February 24, 2016, recommending that the Commissioner's decision be reversed and that this matter be remanded for further consideration. (Dkt. No. 28.)

On February 25, 2016, Plaintiff filed a Statement of Consent to Proceed Before Assigned United States Magistrate Judge ("Consent"). (Dkt. No. 29.) The Commissioner's Consent was filed on May 12, 2015. (Dkt. No. 17.) Pursuant to 28 U.S.C. § 636(c) and Local Rule 73-3, the filing of Plaintiff's Consent conferred upon the Court the authority to handle this matter for all purposes, including entry of judgment.[1] For the reasons below, the Commissioner's decision is REVERSED and the action is REMANDED for further proceedings consistent with this Order.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied.

---

[1] On February 26, 2016, given the procedural history of this case, the Court ordered the Commissioner to either affirm or withdraw the Consent given on May 12, 2015. (Dkt. No. 31.) On March 4, 2016, the Commissioner affirmed her Consent and also informed the Court that she did not intend to file objections to the Amended Report and Recommendation. (Dkt. No. 32.)

<u>Mayes v. Massanari</u>, 276 F.3d 453, 458-59 (9th Cir. 2001).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation omitted).  An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Reddick v. Chater</u>, 157 F.3d 715, 725 (9th Cir. 1998) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.  Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted).  "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." <u>Ryan v. Comm'r of Soc. Sec.</u>, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005)); <u>see</u> <u>also</u> <u>Robbins</u>, 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").  The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir. 2007) (citing <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003)).

## III.   <u>DISCUSSION</u>

Plaintiff argues, *inter alia*, that the ALJ violated her due process rights by not reopening the December 5, 2012, hearing after a clinical psychologist submitted her court-ordered psychological evaluation.  (<u>See</u> Plaintiff's Objections to Magistrate Judge's Report and Recommendation at 3, Dkt. No. 26; Memorandum in Support of Claimant's Complaint ("Pl. Memo.") at 5 n.3, Dkt. No. 18.)  The Court agrees.

1.   **Pertinent Law**

"[A]pplicants for social security benefits are entitled to due process in the determination of their claims." Holohan v. Massanari, 246 F.3d 1195, 1209 (9th Cir. 2001) (citing Richardson v. Perales, 402 U.S. 389, 401–02, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)).  An applicant's due process rights "include[] the right to a full and fair hearing[.]"  Ortiz v. Colvin, 2013 WL 2468256, at *1 (C.D. Cal. June 6, 2013) (citing  Hepp v. Astrue, 511 F.3d 798, 804 (8th Cir. 2008)); see also 42 U.S.C. §405(b)(1) (upon request by an applicant for social security benefits, the "Commissioner shall  give … reasonable notice and opportunity for a hearing"). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  Matthews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (citations omitted).

2.   **Background**

The record shows that a hearing was held in this case on December 5, 2012. (See AR 47-53.)  Plaintiff appeared at that hearing along with her counsel, Jimmy Ewenike.  (AR 47.)  A medical expert, clinical psychologist Joseph Malancharuvil, and a vocational expert, Susan Allison, also appeared.  (AR 47, 128-31.)

The ALJ first called Dr. Malancharuvil to testify and asked him whether, in his opinion, Plaintiff suffered from a psychologically determinable impairment. (AR 50.)  Dr. Malancharuvil noted certain contradictions in the medical evidence and recommended that Plaintiff be sent for additional psychological testing.  (Id.) The ALJ accepted Dr. Malancharuvil's recommendation, stating: "Well, then we'll go ahead and adjourn the hearing for further development and *come back after we get all the evidence.*"  (AR 52 (emphasis added).)[2]  Before the record was closed,
/ / /

---

[2] Although the ALJ's decision states that Plaintiff and the vocational expert testified at the hearing (see AR at 13), the hearing transcript clearly establishes that only Dr. Malancharuvil testified before the hearing was adjourned.  (See AR at 50-53.)

4

Plaintiff's counsel asked the ALJ to "order that the raw data be provided with the" subsequent reports.  (AR 53.)  The ALJ responded: "Yes, sir, I'll do that."  (Id.)

Consultative examiner Charlene Krieg, Ph.D., completed her evaluation on January 7, 2013, and supplemented her evaluation on February 2, 2013.  (AR 436-47, 448-59.)  On February 11, 2013, the ALJ sent Plaintiff and her counsel a letter proposing that Dr. Krieg's evaluations be entered into the record.  (See AR 27-29.)  The ALJ advised Plaintiff of actions she had a right to take—including submitting "written comments concerning the enclosed [evaluations], a written statement as to the facts and law you believe apply to the case in light of th[e evaluations], and any additional records you wish me to consider…."  (AR 27.)  The ALJ also advised Plaintiff that she could submit written questions to be sent to Dr. Krieg, and "may also request a supplemental hearing…."  (Id.)  The ALJ closed his letter as follows:

> If I do not receive a response from you within 10 days of the date you receive this notice, I will assume that you do not wish to submit any written statements or records and that you do not wish to request a supplemental hearing or to orally question the author(s) of the enclosed report(s).  I will then enter the enclosed evidence in the record and issue my decision.

(AR 28.)

Plaintiff's counsel timely responded to the ALJ's letter by sending the ALJ a letter of his own on February 20, 2013.  (AR 200-02.)  Counsel opened his letter by requesting Dr. Krieg's data—because although the ALJ said he would order that the data be provided with her report, it had not been.  (AR 53, 200.)  Counsel informed the ALJ that Plaintiff was "currently undergoing independent psychological examination and testing by a clinical psychologist" and wanted that psychologist to "review the requested information to verify whether Dr. Krieg properly interpreted and/or scored them."  (AR 200.)  Counsel then proceeded to challenge portions of Dr. Krieg's report.  (AR 200-02.)  In closing, counsel stated, in part, as follows:

**THE CLAIMANT KINDLY REQUESTS THAT THE RECORD BE KEPT OPEN TO PROVIDE HER TIME TO ADDUCE THE REPORT FROM THE INDEPENDENT PSYCHOLOGIST**

(AR 202) (emphasis in original.)

On March 8, 2013, 16 days later, and only 25 days after sending his letter to Plaintiff and Plaintiff's counsel, the ALJ issued his decision, finding Plaintiff not disabled. (AR 13-22.) Although the ALJ states in his decision that he continued the December 5, 2012, hearing on Dr. Malancharuvil's recommendation that Plaintiff be referred for additional testing "and to allow the attorney representative time to submit additional medical evidence" (AR 18), there is no mention of counsel's request 16 days earlier that the record be left open. (See AR 13-22.)

Plaintiff's independent psychologist, Gale J. Schuler, R.N., Ph.D., delivered her report on April 26, 2013. (See Pl. Memo., Ex. 2.) On May 2, 2013, Plaintiff's counsel submitted a request for review of the ALJ's hearing decision to the Appeals Council. (AR 8-9.) Plaintiff's counsel included Dr. Schular's report in the request for review, but the Appeals Council declined to consider it, stating:

> We also looked at additional evidence from Gale Schular, R.N., Ph.D., dated April 26, 2013. The Administrative Law Judge decided your case through March 8, 2013. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before March 8, 2013.

(AR 2.)

As noted above, the Appeals Council denied Plaintiff's request for review on August 7, 2014. (AR 1-7.)

**3.    Analysis**

As an initial matter, the Appeals Council's assertion that Dr. Schular's report is about a time period after the ALJ's March 8, 2013, hearing decision is incorrect.

Dr. Schular's report is dated April 26, 2013, but she clearly states that she evaluated Plaintiff on January 26, 2013—six weeks before the ALJ's March 8, 2013, hearing decision.  (See Pl. Memo., Ex. 2.)[3]  Thus, the Appeals Council erred in making that determination.  Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1162 (9th Cir. 2012) (Appeals Council must consider new and material evidence in deciding whether to review the ALJ's decision if the new and material evidence "relates to the period on or before the ALJ's decision"); 20 C.F.R. § 416.1470(b) (same).

Moreover, the Court finds that Plaintiff was denied a meaningful opportunity to be heard.  The ALJ adjourned the December 5, 2012, hearing before Plaintiff had an opportunity to testify on her behalf.  Before adjourning, the ALJ stated that they would reconvene after further psychological testing had been conducted, but rather than reconvene after Dr. Krieg's evaluations were submitted, the ALJ sent the letter discussed above advising Plaintiff of actions she could take—including submitting additional records.  According to the ALJ's letter, *if Plaintiff did not respond within 10 days*, the ALJ would assume that Plaintiff did not wish to take further actions, would enter Dr. Krieg's report into evidence, and would issue a hearing decision.

Plaintiff's counsel *did* respond within 10 days, and clearly requested that the ALJ leave the record open so Plaintiff could adduce an independent psychologist's evaluation and give that psychologist an opportunity to review the data used by Dr. Krieg—once it was given to Plaintiff as Plaintiff's counsel requested at the hearing. Though the ALJ stated in his decision that the hearing had been continued, in part, to allow Plaintiff's counsel time to submit additional evidence, he either ignored or denied Plaintiff's request; assumed that Plaintiff did not wish to take further action (such as request a supplemental hearing); entered Dr. Krieg's reports into evidence; and issued the hearing decision 16 days after the date of Plaintiff's counsel's letter.

---

[3] Dr. Krieg's psychological evaluation, which the ALJ *did* consider in reaching his ultimate conclusion, was also administered in January 2013.  (See AR 427-35.)

Plaintiff's failure to request a supplemental hearing in her letter response to the ALJ's February 11, 2013, letter did not constitute a waiver of her right to such a hearing. The ALJ demanded a response within 10 days, not a response containing a specific request. Plaintiff timely responded and asked for more time to adduce an independent psychologist's report. Presumably, Plaintiff thought that report could bolster her claim for benefits; it may be the case, however, that Plaintiff wanted an opportunity to review the independent psychologist's findings *prior to* requesting a supplemental hearing to decide whether such a hearing would be necessary and/or beneficial. In any case, though, it was premature for the ALJ to decide the matter.[4]

In sum, only Dr. Malancharuvil testified at the December 5, 2012, hearing—primarily regarding the benefits of additional psychological testing. The ALJ adjourned that hearing on Dr. Malancharuvil's recommendation, additional psychological testing was conducted, and then, despite Plaintiff's request for additional time to adduce an independent psychologist's report and provide that psychologist time to review the data that was promised but not delivered, the record was closed and the matter was decided by the ALJ without inviting vocational expert testimony or further medical expert testimony, *or* providing Plaintiff a reasonable opportunity to supplement the record, an explanation as to why her request to do so was denied, or additional time to request a supplemental hearing given her timely request to leave the record open.

Given the foregoing, the Court finds that Plaintiff was denied: (1) a full and fair hearing; and (2) a meaningful opportunity to be heard in violation of her due process rights. See Matthews, 424 U.S. at 333; Ortiz, 2013 WL 2468256, at *1.

---

[4] The ALJ's decision to adjourn the December 5, 2012, was proper. An ALJ "may stop the hearing temporarily and continue it at a later date if he or she believes that there is material evidence missing at the hearing." 20 C.F.R. § 416.1444. The ALJ may also, however, "reopen the hearing at any time before he or she mails a notice of the decision in order to receive new and material evidence." Id.

Remand is therefore warranted in this case.  See <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 495 (9th Cir. 2015) (an order remanding for an award of benefits is only appropriate in rare circumstances); <u>Garrison v. Colvin</u>, 759 F.3d 995, 1016 (9th Cir. 2014) (before ordering a remand for an award of benefits, courts must find that "the record has been fully developed and further administrative proceedings would serve no useful purpose").  On remand, Plaintiff will have an opportunity to be heard, and the ALJ will have an opportunity to consider all relevant opinion evidence, whether it be written and submitted or delivered via testimony at any subsequent hearing.

## IV.   <u>CONCLUSION</u>

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING this matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: March 7, 2016         _____
                             ROZELLA A. OLIVER
                             UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE**

9